*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NAZHAT BAHRI,

Plaintiff-Appellant,

v

GREAT LAKES PROPERTY & INVESTMENT, INC. and JASMINE MCMORRIS,

Defendant-Appellees.

UNPUBLISHED
February 20, 2020

No. 346393
Wayne Circuit Court
LC No. 18-001591-CH

Before: GLEICHER, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

When defendants did not respond to plaintiff Nazhat Bahri's statutory conversion complaint, the court clerk entered a default. Bahri sought a default judgment from the court for damages of $11,795.50 and treble damages under MCL 600.2919a. The court awarded only actual damages, however, and Bahri appeals that decision. Courts have discretion to award or deny treble damages under the statute. However, trial courts must give an adequate explanation to allow this Court to review the ruling. MCR 2.517(A). The circuit court did not do so here. Accordingly, we vacate the default judgment and remand for further proceedings.

## I. BACKGROUND

Bahri lost her home to tax foreclosure, but then arranged to repurchase the property from defendants. The parties' contract was not in writing. In her complaint, Bahri alleged that she promised to pay $10,000 plus $1,795.50 in back taxes. She asserted that she paid this amount, but that defendants never transferred title. Bahri complained that defendants converted her funds in violation of MCL 600.2919a and therefore owed her treble damages.

Defendants did not respond to the complaint and Bahri secured a default from the clerk of the court. As Bahri sought treble damages, the court clerk could not enter the default judgment and Bahri filed a motion with the court seeking judgment. At that point, defendants responded. Instead of filing a motion to set aside the default, defendants opposed the entry of the default judgment. The court ultimately conducted a hearing to consider the parties' motions.

-1-

At the hearing, Bahri contended that she properly served her complaint on defendants. Defendants admitted their failure to respond to the notice of default, but contended that the facts did not warrant a default judgment for treble damages. They described that Bahri had agreed to pay $15,000 for the property. Instead, Bahri paid $2,000 and then "disappeared" for several months before paying an additional $8,000. She then "disappeared" again. Accordingly, defendants sold the property to a third party. Defendants admitted that they had retained the funds paid by Bahri.

Ultimately, the court entered a default judgment, stating, "You're not getting treble damages counsel for conversion, but I'll enter the Default Judgment in the amount of . . . $11,795.50." Bahri's counsel asked for clarification on the denial of treble damages and the court merely replied, "I don't think that that's appropriate here."

## II. ANALYSIS

At issue in this case is whether the treble damages provision of MCL 600.2919a is mandatory or discretionary. "We . . . review de novo questions of statutory interpretation." *Aroma Wines & Equip, Inc v Columbian Distrib Servs Inc*, 497 Mich 337, 345; 871 NW2d 136 (2015). The court essentially held a hearing on the issue of damages. We review for clear error a court's factual findings following such a hearing. See *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 513; 667 NW2d 379 (2003).

MCL 600.2919a(1) provides, in relevant part:

A person damaged as a result of either or both of the following *may* recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:

(a) Another person's stealing or embezzling property or converting property to the other person's own use. [Emphasis added.]

In *Aroma Wines*, 303 Mich App at 449, this Court noted that "[t]he term 'may' is permissive and indicates discretionary activity." "Thus," this Court concluded, "under the language in MCL 600.2919a(1), treble damages and attorney fees are discretionary. Accordingly, whether to award treble damages is a question for the trier of fact, and we cannot simply order treble damages upon a finding of conversion." *Aroma Wines*, 303 Mich App at 449-450.

The plain statutory language and binding precedent of this Court dictate that treble damages under the conversion statute are discretionary, not mandatory. The question then becomes whether the circuit court abused its discretion in denying Bahri's request. A court abuses its discretion when its ruling falls outside the range of "reasonable and principled outcome[s]." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). The abuse of discretion standard "is an unusually difficult standard to overcome." *Lease Acceptance Corp v Adams*, 272 Mich App 209, 222; 724 NW2d 724 (2006).

In order for this Court to determine whether the circuit court abused its discretion, the court must make findings on the record sufficient for this Court's review. MCR 2.517(A)(1) provides that when a court tries an action without a jury, it must make certain findings on the record. "Brief, definite, and pertinent findings and conclusions on the contested matters are sufficient, without

overelaboration of detail or particularization of facts." MCR 2.517(A)(2). "Findings of fact regarding matters contested at a bench trial are sufficient if they are 'brief, definite, and pertinent,' and it appears that the trial court was aware of the issues in the case and correctly applied the law, and where appellate review would not be facilitated by requiring further explanation." *Triple E Produce Corp v Mastronardi Produce*, 209 Mich App 165, 176; 530 NW2d 772 (1995).

The only record finding made by the circuit court in this case was: "I don't think [treble damages] are appropriate here." This finding conveys no information beyond the court's extremely generalized opinion regarding the "appropriate[ness]" of the requested award. It is beyond "brief" and is in no way "direct." We cannot ascertain from this record what if any facts the circuit court relied on in reaching its decision. The court may be correct that treble damages are not warranted in this matter, but we cannot determine that at this time. Therefore, we must remand this matter to the circuit court to make "[b]rief, definite, and pertinent findings" that reflect that the "court was aware of the issues in the case" and from which this Court could engage in meaningful review should either party again appeal.

We vacate and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Anica Letica